**O**

# United States District Court
# Central District of California

ADEKUNLE KAY BALOGUN,

        Plaintiff,

    v.

SUSAN DIBBINS et al.,

        Defendants.

Case № 2:25-cv-02413-ODW (MARx)

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [30]**

## I.  INTRODUCTION

Plaintiff Adekunle Kay Balogun brings this action under the Administrative Procedures Act of 1946 against Defendants Susan Dibbins, Chief of Administrative Appeals Office ("AAO"), Department of Homeland Security ("DHS"); Kika Scott, Acting Director of United States Citizenship and Immigration Service ("USCIS"); and Pamela Bondi, U.S. Attorney General.  (Compl., Dkt. No. 1.)  Defendants now move to dismiss Balogun's First Amended Complaint under Federal Rule of Civil Procedure ("Rule" or "Rules") 12(b)(6).  (Mot. Dismiss ("Motion" or "Mot."), Dkt. No. 30.)  For the following reasons, the Court **GRANTS** Defendants' Motion.[1]

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II.    BACKGROUND[2]

In 2018, Balogun sought immigration relief under the Violence Against Women Act of 1994 ("VAWA") by filing a Form I-360 Petition for Amerasian, Widow(er), or Special Immigrant ("VAWA Petition"), asserting eligibility as the battered spouse of a United States citizen.  (First Am. Compl. ("FAC") 2, Dkt. No. 20.)[3]

USCIS denied Balogun's VAWA Petition, concluding that Balogun "was not eligible for immigrant classification because he had been previously convicted of an aggravated felony, and therefore could not establish his good moral character" as required under VAWA.  (Decl. Cynthia Vega ISO Mot. ("Vega Decl.") Ex. F ("AAO Decision") 1, Dkt. No. 30.)[4]  The AAO later dismissed Balogun's appeal, denied his motion to reconsider, and denied his subsequent motions to reopen and reconsider.  (*Id.*)  Balogun filed another motion to reopen and reconsider.  (*Id.*)  On September 9, 2024, the AAO denied Balogun's motion.  (*Id.* at 3.)  Balogun attempted to appeal the AAO's decision, but the AAO dismissed his appeal as untimely.  (*Id.* at 2–3.)  The AAO also declined to reopen proceedings or revisit USCIS's prior determination that Balogun was ineligible for VAWA immigrant classification based on his aggravated felony conviction and resulting inability to establish good moral character.  (*See id.*)

On March 19, 2025, Balogun filed this action under 5 U.S.C. § 704, seeking judicial review of the AAO's September 9, 2024 decision dismissing his appeal and declining to reconsider USCIS's denial of his VAWA Petition.  (Compl.)  On June 16,

---

[2] Factual references derive from Balogun's First Amended Complaint or attached exhibits, unless otherwise noted, and well-pleaded factual allegations are accepted as true for purposes of this Motion.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[3] Balogun's First Amended Complaint does not include paragraphs.  As such, the Court cites the relevant pages of Balogun's First Amended Complaint.

[4] The Court incorporates by reference the AAO's September 9, 2024 decision dismissing appeal. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) ("[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference."); *see United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim.").

2025, Balogun amended his complaint, and his First Amended Complaint became the operative pleading.  (*See* FAC.)  On August 15, 2025, Defendants filed this Motion, seeking to dismiss Balogun's First Amended Complaint for failure to state a claim. (Mot.)  On August 25, 2025, Balogun opposed Defendant's Motion.  (Opp'n, Dkt. No. 28.)  On October 2, 2025, Defendants filed a reply brief.  (Reply, Dkt. No. 36.) On October 9, 2025, Balogun filed a sur-reply, (Resp., Dkt. No. 38), which the Court struck due to noncompliance with the Local Rules, (Min. Order, Dkt. No. 40).

### III.      LEGAL STANDARD

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable theory or insufficient facts pleaded to support an otherwise cognizable theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).  To survive a motion to dismiss, a complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement of the claim.  *Porter v. Jones,* 319 F.3d 482, 494 (9th Cir. 2003).  The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).   Stated differently, the complaint must "contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted).

Determining whether a complaint states a claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679.  Generally, a court limits its review to the pleadings and must construe all factual allegations in the complaint "as true and . . . in the light most favorable" to the plaintiff.  *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001).  However, a court need not blindly accept conclusory allegations, unwarranted deductions of fact, or unreasonable inferences.  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Where a district court grants a motion to dismiss, it should generally provide leave to amend, unless it is clear the complaint cannot be saved by amendment.  *See*

Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co*., 519 F.3d 1025, 1031 (9th Cir. 2008). Leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). Thus, leave to amend "is properly denied . . . if amendment would be futile." *Carrico v. City & County of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).

## IV.    DISCUSSION

Balogun seeks judicial review of the agency's denial of his VAWA Petition. (FAC 1–2.) Defendants move to dismiss Balogun's First Amended Complaint and argue that he is statutorily ineligible for VAWA immigrant classification due to his inability to demonstrate good moral character. (Mot. at 4–7.)

### A.    VAWA Classification

Balogun is statutorily ineligible for VAWA classification as he cannot establish the requisite requirement of good moral character.

Under VAWA, an alien may be classified as the abused or battered spouse of a United States citizen and may seek cancellation of removal and adjustment of status to lawful permanent resident. *Magana-Magana v. Bondi*, 129 F.4th 557, 564 (9th Cir. 2025). To be eligible for VAWA classification, a petitioner must show that he or she (1) is a spouse (or intended spouse) of a United States citizen; (2) "has been battered or has been the subject of extreme cruelty perpetrated by the alien's spouse or intended spouse"; (3) "is a person of good moral character"; (4) "is eligible to be classified as an immediate relative under section 1151(b)(2)(A)(i)"; and (5) has resided with the alien's spouse or intended spouse. 8 U.S.C. § 1154(a).

Defendants contend that Balogun is categorically ineligible for VAWA classification because he was previously convicted of an aggravated felony and is thus "permanently barred from establishing good moral character." (Mot. 4–7.) Although Balogun acknowledges he "was convicted of 18 U.S.C. § 1029(a)(3)," a crime

4

involving fraud and related activity in connection with access devices, Balogun argues that he is nevertheless entitled to a waiver for his aggravated felony under § 212(h) of the Immigration and Nationality Act (the "INA").  (Opp'n 12–19.)

### 1.    Good Moral Character

To qualify for VAWA classification, a petitioner must satisfy each statutory eligibility requirement set forth in § 1154(a).  The only requirement reasonably in dispute is whether Balogun can show that he "is a person of good moral character" pursuant to § 1154(a)(1)(A)(iii)(II)(bb).  (Mot. 5.)

Section 101(f) of the INA lists the categories of persons who cannot "be regarded as, or found to be, a person of good moral character."  8 U.S.C. § 1101(f). Among them are those "who at any time ha[ve] been convicted of an aggravated felony."  *Id.* § 1101(f)(8).  The term "aggravated felony" means, among others, a crime involving "fraud or deceit in which the loss to the victim or victims exceeds $10,000."  *Id.* § 1101(a)(43)(M)(i).  "If an alien 'at any time' in his life has been convicted of an aggravated felony, then he cannot meet the good character requirement."  *Castiglia v. INS*, 108 F.3d 1101, 1103 (9th Cir. 1997).  "The usual meaning of the phrase 'at any time' is 'at any time at all.'"  *Id.*

Here, Balogun acknowledges he was convicted under 18 U.S.C. § 1029(a)(3). (Opp'n 12.)  "Section 1029(a)(3) makes it a crime to 'knowingly and with intent to defraud possess[] fifteen or more devices which are counterfeit or unauthorized access devices.'"  *United States v. Saini*, 23 F.4th 1155, 1161 (9th Cir. 2022) (quoting 18 U.S.C. § 1029(a)(3)).  A conviction under § 1029(a)(3) is "an aggravated felony." *Ogunbanke v. Garland*, 840 F. App'x 305, 306 (9th Cir. 2021).  In a separate proceeding involving Balogun, the Ninth Circuit already held that Balogun's "crime was one of moral turpitude" and "an aggravated felony" because "it involved fraud in which the loss to the victims exceeded $10,000."  *Balogun v. Gonzales*, 126 F. App'x 874, 875 (9th Cir. 2005).  Balogun also acknowledges that his conviction, "is inherently a [c]rime [i]nvolving [m]oral [t]urpitude."  (FAC 2–3.)

A VAWA self-petitioner, such as Balogun, will be found to lack good moral character if he has "at any time . . . been convicted of an aggravated felony." 8 U.S.C. § 1101(f)(8); *see also Emmert Indus. Corp. v. Artisan Assocs., Inc.*, 497 F.3d 982, 987 (9th Cir. 2007) ("Where the statutory language is clear and consistent . . . the judicial inquiry is at an end."). As Balogun has been convicted of an aggravated felony, he categorically cannot establish his good moral character. *See Castiglia*, 108 F.3d at 1103 (finding that a conviction of an aggravated felony is "an absolute bar to a finding of good moral character").

### 2.    *INA § 212(h) Waiver*

Balogun argues that, notwithstanding the aggravated-felony bar to establishing good moral character under VAWA, he remains eligible to seek a discretionary waiver of inadmissibility under INA § 212(h), 8 U.S.C. § 1182(h). (Opp'n 11–19.)

INA § 212(a)(2)(A)(i) provides, in relevant part, that "any alien convicted of . . . a crime involving moral turpitude . . . is inadmissible." However, the Attorney General, "may, in his discretion, waive the application" of § 212(a)(2)(A)(i) if the alien or offense meets certain criteria. 8 U.S.C. § 1182(h). An applicant who "meets the definition of VAWA self-petitioner" may seek a waiver of inadmissibility. *Garcia-Mendez v. Lynch*, 788 F.3d 1058, 1062 n.2 (9th Cir. 2015).) Section 212(h) "has the effect of excusing a prior crime involving moral turpitude" for purposes of admission. *Guerrero-Roque v. Lynch*, 845 F.3d 940, 942 (9th Cir. 2017). Thus, "[a]lthough § 212(h) does not itself waive an aggravated felony, it potentially provides discretionary relief to non-citizens who otherwise would be eligible for adjustment of status, but for certain grounds of inadmissibility such as crimes of moral turpitude." *Hing Sum v. Holder*, 602 F.3d 1092, 1094 (9th Cir. 2010).

Here, Balogun appears to argue that he should be able to pursue a waiver of his prior aggravated felony conviction under § 212(h), such that the conviction would no longer bar him from establishing good moral character for purposes of VAWA classification. (Opp'n 17.) Balogun's argument fails for two independent reasons.

6

First, § 212(h) allows the Attorney General, in his discretion, to waive certain grounds of inadmissibility in connection with an application for admission or adjustment of status. 8 U.S.C. § 1182(h). This case does not concern admission or adjustment of status. Balogun seeks VAWA classification. (FAC 2.) To be eligible for VAWA classification, a self-petitioner must affirmatively demonstrate good moral character. 8 U.S.C. § 1154(a)(1)(A)(iii)(I)(bb). As discussed above, an aggravated felony conviction categorically precludes that showing under § 101(f). *See Castiglia*, 108 F.3d at 1103. Thus, a § 212(h) waiver does not eliminate the separate statutory requirement that a VAWA self-petitioner demonstrate good moral character. *Id.*

Second, although "VAWA self-petitioners may," in some circumstances, "apply for a section 212(h) waiver," Balogun "simply does not qualify" for this relief. *See Garcia-Mendez*, 788 F.3d at 1062. Specifically, Balogun does not qualify for relief from the aggravated felony bar to establishing his good moral character. INA § 101(f) identifies the categories of noncitizens who cannot establish good moral character. *See* 8 U.S.C. § 1101(f). It does not provide that a noncitizen who falls within one of those categories may obtain a waiver of that requirement. *See id.* Were the Court to read that language into § 101(f), the express statutory requirement that a VAWA self-petitioner demonstrate good moral character under § 1154(a) "would be rendered a nullity." *Guerrero-Roque*, 845 F.3d at 942; 8 U.S.C. § 1154(a)(1)(A)(iii)(I)(bb). Thus, as Balogun challenges his eligibility for VAWA classification, not an application for admission or adjustment of status, his reliance on § 212(h) is misplaced.

Balogun's final argument, that the aggravated felony bar to establishing good moral character does not apply to him because he has not been lawfully admitted, fares no better. (*See* Opp'n 2, 20–22.) INA § 101(f) does not distinguish between noncitizens who were lawfully admitted and those who were not. *See* 8 U.S.C. § 1101(f). Nor does § 1154(a), which governs VAWA self-petitions and independently requires a showing of good moral character, incorporate any admission-based exceptions. As immigrant classification eligibility under VAWA expressly requires a

showing of good moral character, *see* § 1154(a)(1)(A)(iii)(II)(bb), Balogun's admissibility status does not alter the Court's conclusion.

**B.     Leave to Amend**

The Court finds that "amendment would be futile." *Carrico*, 656 F.3d at 1008. To the extent Balogun could further amend his pleadings, the material facts cannot change.   Balogun's aggravated felony conviction constitutes "an absolute bar to a finding of good moral character." *Castiglia*, 108 F.3d at 1103.   No additional factual allegations could cure this statutory defect or render him eligible for VAWA classification.   Accordingly, the Court dismisses Balogun's First Amended Complaint without leave to amend.   *See Somers v. Apple, Inc.*, 729 F.3d 953, 960 (9th Cir. 2013) (holding that dismissal without leave to amend is proper "if it is clear that the complaint could not be saved by amendment").

In sum, Balogun fails to satisfy the good moral character requirement to establish eligibility for VAWA classification and does not qualify for a § 212(h) waiver.   Accordingly, the Court **DISMISSES** Balogun's First Amended Complaint **WITHOUT LEAVE TO AMEND**.

**V.     CONCLUSION**

For the reasons discussed above, the Court **GRANTS** Defendants' Motion to Dismiss.   (Dkt. No. 30.)   Specifically, the Court **DISMISSES** Balogun's First Amended Complaint **WITH PREJUDICE** and **WITHOUT LEAVE TO AMEND**. The Court will issue judgment accordingly.

**IT IS SO ORDERED.**

February 23, 2026

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**